```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5-24-10
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

WALTER J. ROACHE,

                         Petitioner,

       - against -

SUPERINTENDENT S.A. CONNELL,

                       Respondent.

**REPORT AND**
**RECOMMENDATION**

**06 Civ. 3567 (WHP) (RLE)**

**To the HONORABLE WILLIAM H. PAULEY, III, U.S.D.J.:**

## I. INTRODUCTION

*Pro se* petitioner Walter J. Roache, a New York state prisoner formerly at Oneida
Correctional Facility and presently at Marcy Correctional Facility, seeks a writ of habeas corpus
pursuant to 28 U.S.C. § 2254, challenging his conviction on January 5, 1993, after entering a
plea of guilty to sexual abuse in the first degree, N.Y. Penal Law §130.65(3), in the County
Court, Orange County. He was sentenced as a second-felony offender to a term of three-to-six
years, to run consecutively with his previous sentence.[1]

Roache challenges his conviction contending that: (1) the consecut:ve nature of his
sentence is illegal; (2) he was denied effective assistance of counsel in violation of the Sixth
Amendment of the U.S. Constitution; and (3) his detention violates other provisions of the New
York State constitution.

Respondent S.A. Connell, Superintendent of Oneida Correctional Facility, argues
primarily that Roache's Petition to challenge his incarceration is time-barred. On the merits,
Connell argues that Roache's challenge to the consecutive nature of his sentence is without

---

[1] Roache was convicted in 1979 of one count of rape in the first degree and one count of rape in the third degree,
and was sentenced to eight-and-one-third to twenty-five years.

merit, and Roache's remaining claims were forfeited by his guilty plea or otherwise fail to state

federal constitutional claims. Because Roache's claims are time-barred, I recommend that his

Petition be **DENIED**.

## II. BACKGROUND

### A. Factual Background

On July 13, 1992, in the Town of Wallkill, Orange County, New York, while he was on

parole for an unrelated rape conviction, Roache was arrested for a July 11, 1992 incident

involving minors. He was indicted on July 23, 1992, on one count of sexual abuse in the first

degree and two counts of endangering the welfare of a child. (Respondent's Affirmation in

Opposition to Petition ("Resp't's Affirmation") at 1, April 3, 2009.)

With his attorney present, Roache pled guilty on January 5, 1993, to sexual abuse in the

first degree. N.Y. Penal Code § 130.65(3); (Plea Hearing Transcript ("Plea H'rg Tr.") at 11, Jan.

5, 1993.) On February 22, 1993, he was sentenced to three-to-six years in prison, to run

consecutively to his previous conviction. (Sentencing Hearing Transcript ("Sent. H'rg Tr.") at

16, Feb. 22, 1993; Plea H'rg Tr. at 15-19.) Prior to his plea, Roache was set to be released from

Oneida Correctional Facility in February 2010. (Resp't's Affirmation at 3 n.1.)

### B. Procedural Background

#### 1. State Court Proceedings

##### a. Direct Appeal of Conviction

On June 18, 1993, Roache's assigned counsel asked for leave to withdraw as counsel

because there were no "valid appealable issues" and thus no non-frivolous issues could be raised

on appeal. (Defendant-Appellant's Brief ("Def.-Appellant's Br.") at 5, June 19, 1993.) The

2

request was granted. Roache thereupon filed a *pro se* supplemental appeal brief on October 26, 1993. (Defendant-Appellant's Supplemental Brief ("Def.-Appellant's Supp. Br."), Oct. 26, 1993.) He claimed that the grand jury proceedings were defective, prosecution was not timely, and that he was denied effective assistance of counsel. (*Id.* at 5-7.) Roache also claimed he was coerced into entering a guilty plea (*Id.* at 8.), but he did not raise any claims regarding the legality of the consecutive nature of his sentence.

The Appellate Division, Second Department, denied the appeal on November 7, 1994, finding the issues raised by Roache "either were waived by the defendant when he pleaded guilty, or they are frivolous." *People v. Roache*, 209 A.D.2d 451, 1 (N.Y. App. Div. 1994). On February 22, 1995, the New York Court of Appeals denied Roache's application for leave to appeal. *People v. Roache*, 85 N.Y.2d 865 (1995).

### b. State Habeas Petitions

Beginning in 2004, Roache commenced several state court habeas corpus proceedings challenging the 1993 conviction. In 2004, he applied for poor person status, which included an underlying writ of habeas corpus, in two venues: Oneida County and Albany County. Roache claimed, *inter alia*, that he had been denied effective assistance of counsel in violation of the Sixth Amendment, and challenged the consecutive nature of his sentence. (Petition to New York Appellate Division, Second Department ("State Pet."), March 13, 2005.)

The Oneida County court denied the petition before it on August 30, 2004. (Resp't's Aff at 3.) On July 7, 2006, the Appellate Division, Fourth Department, affirmed the judgment, stating that the sentencing court correctly sentenced Roache pursuant to N.Y. Penal Law § 70.06.

3

*People ex rel Roache v. Connell*, 31 A.D.3d 1199 ( N.Y. App. Div. 2006), *lv denied* 8 N.Y.3d 803 (2007), *reargument denied*, 8 N.Y.3d 907 (2007).

The Albany County court denied the petition before it on December 14, 2004. (Resp't's Affirmation ¶ 5.) The Appellate Division, Third Department, affirmed the judgment on November 23, 2005, stating that the court had no authority to rule on the matter already adjudicated in Oneida County. *People ex rel. Roache v. Connell*, 23 A.D.3d 941 (N.Y. App. Div. 2005).

Despite the previous denials, Roache filed another poor person status application with an underlying writ of habeas corpus before the Appellate Division, Second Department, on March 13, 2005. (Rep't's Aff. ¶ 5.) On April 18, 2005, the Appellate Division denied Roache's poor person application, finding that his allegations were not established as non-frivolous, and allowing him 120 days to submit the filing fee. (Respondent's Exhibit ("Resp't's Ex.") 18, April 18, 2005. His motion for reargument was denied. (Resp't's Ex. 19, July 5, 2005). On August 22, 2005, the Appellate Division, Second Department, summarily dismissed the habeas petition because Roache had failed to pay the filing fee. (Resp't's Ex. 20, Aug. 22, 2005.)

### c. *Motion to Set Aside Sentence*

On October 2, 2006, Roache filed a motion pursuant to N.Y. Crim. Proc. Law § 440.20 to set aside his sentence in Orange County. (Petitioner's Affidavit in Support of Motion to Set Aside Sentence ("Pet'r Mot. § 440.20"), Oct. 2, 2006.) He claimed the consecutive nature of the sentence violated the New York State Constitution and his due process rights under the U.S. Constitution. (Pet'r Mot. § 440.20 ¶ 7.) The court denied the motion on November 30, 2006, holding that the sentence was "authorized and legally imposed," and that the sentencing court

4

was required to impose the sentence consecutively. N.Y. Crim. Proc. Law § 440.20; N.Y. Penal Law § 70.25(2)(a); (Resp't's Ex. 26, Nov. 30, 2006.) On March 13, 2007, the Appellate Division, Second Department, denied a certificate for leave to appeal from the denial of his motion. (Resp't's Ex. 27, March 13, 2007.)

## 2. Federal Court Proceedings

In addition to his state court challenge, Roache filed multiple federal habeas corpus petitions pursuant to 28 U.S.C. § 2254. In March 2000, he filed a petition in this District challenging his 1979 rape conviction. The Petition was denied in May 2001, (Resp't's Affirmation ¶ 5), and the Second Circuit dismissed his application for a certificate of appealability and appeal as time-barred on December 21, 2001. (Resp't's Ex. 14, Dec. 21, 2001.)

In 2006, Roache filed a second petition in this District challenging the 1979 and 1993 convictions. The petition was construed as a second or successive petition and transferred to the Second Circuit for authorization to file a successive appeal. (Resp't's Affirmation ¶ 6.) On September 28, 2006, the Second Circuit denied the application. (Resp't's Ex. 22, Sept. 28, 2006.) Following the denial, Roache moved for reconsideration of the dismissal of his challenge to the 1993 conviction in this District. That motion was denied on April 11, 2007. (Resp't's Affirmation ¶ 8.)

On February 13, 2008, the Second Circuit considered Roache's second application for a certificate of appealability and consolidated the proceeding to consider both the 1979 and 1993 convictions. The court denied the application and dismissed the appeal as to the 1979 rape conviction (Resp't's Ex. 28, Feb. 13, 2008), but found that the district court had misconstrued the 2006 petition as successive to the 1979 rape conviction rather than as an initial § 2254 challenge

5

to the 1993 rape conviction. (*Id.* at 2.) As a result, the court vacated the district court's transfer order with respect to Roache's challenge to the 1993 sexual abuse conviction and remanded the matter for a determination of the petition. (*Id.*)

## III. DISCUSSION

### A. Threshold Issues

#### 1. Timeliness

##### *a. Statute of Limitations of AEDPA*

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a petitioner must file an application for a writ of habeas corpus within one year of his conviction becoming final. 28 U.S.C. § 2244(d)(1). A conviction becomes final "when [the] time to seek direct review in the United States Supreme Court by writ of certiorari expire[s]," that is, ninety days after the final determination by the state court. *Williams v. Artuz*, 237 F.3d 147, 150 (2d Cir. 2001) (quoting *Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir. 1998)). For petitioners with final state court judgments rendered prior to the 1996 enactment of the AEDPA, there is a one-year grace period from the effective date of the AEDPA. *Ross*, 150 F.3d at 98. Thus, if a petitioner's state court judgment became final before 1996, the deadline for the petitioner to file a delayed petition would have been April 24, 1997. *Id.*

The Court of Appeals denied Roache's application for leave to appeal on February 22, 1995. *People v. Roache*, 85 N.Y.2d 865 (1995). The judgment became final on May 23, 1995. Because of the one-year grace period, Roache had until April 24, 1997, to file his petition. The petition was filed on March 8, 2006, and is untimely.

6

### b. Tolling

State court post-judgment motions will toll the statute of limitations but will not revive an expired claim. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). Roache's motion to set aside his sentence (2006) and his state habeas corpus proceedings (2004) were filed after the statute of limitations had already run. Tolling principles therefore, cannot affect the timeliness of the instant claim. The Petition is time-barred. Accordingly, I recommend that the Petition be **DENIED**.

### 2. Exhaustion

Roache appears to have exhausted all state remedies, substantively and procedurally, on his claims of ineffective assistance of counsel and unlawful consecutive nature of his sentence. Pursuant to § 2254(b), the court may not grant a petition for habeas corpus unless petitioner has exhausted all state judicial remedies. 28 U.S.C. § 2254(b)(1)(A); *Picard v. Connor* 404 U.S. 270, 275 (1971); *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997). In order to substantively exhaust, a petitioner's claim before the state courts must have been federal or constitutional in nature. The petitioner must inform the state courts of "both the factual and the legal premises of the claim [he] asserts in federal court." *Jones v. Vacco*, 126 F.3d 408, 413 (2d Cir. 1997) (quoting *Daye v. Attorney Gen.*, 696 F.2d 186, 191 (2d Cir. 1982) (en banc)). Procedurally, the petitioner must utilize all avenues of appellate review within the state court system before proceeding to federal court. *See Bossett v. Walker*, 41 F.3d. 825, 828 (2d Cir. 1994). He must raise a federal claim at each level of the state court system, "present[ing] the substance of his federal claims 'to the highest court of the pertinent state.' " *Id*. (quoting *Pesina v. Johnson*, 913 F.2d 53, 54 (2d Cir. 1990)).

7

### *a. Exhaustion of Ineffective Assistance of Counsel*

Roache raised his ineffective assistance of counsel claim in the direct appeal of his conviction before the Appellate Division and claimed violations of his rights under the Sixth Amendment to the U.S. Constitution, sufficiently presenting the factual and legal bases of the claim to the state courts. (Def.-Appellant's Supp. Brief 5-8.) The New York Court of Appeals denied Roache's leave to appeal. *Id.* The claim has been exhausted.

### *b. Exhaustion of Consecutive Nature of Sentence*

Roache's motion to set aside the sentence pursuant to § 440.20 claimed the consecutive nature of his sentence was illegal and thus abridged his due process rights under of the Fourteenth Amendment to the U.S. Constitution. (Pet'r Mot. § 440.20 ¶ 5.) He has fairly presented his constitutional claims to the New York state courts. The motion was first denied by the Supreme Court, Orange County, and the Appellate Division denied a certificate granting leave to appeal. Because the Appellate Division prevented Roache from appealing his denial, this was the court of last resort for his motions, and this claim has been procedurally exhausted.

## B. Merits of the Claims

Even if Roache's claims were to be deemed timely, they fail on the merits.

### 1. Standard of Review

The AEDPA constrains a federal habeas court's ability to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. The Act limits issuance of the writ to circumstances in which the state adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

8

established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §
2254(d)(1); *see Williams v. Taylor*, 529 U.S. 362, 412 (2000).

A state court decision is contrary to federal law if the state court applied "a conclusion
opposite to that reached by [the Supreme] Court on a question of law or if [it] decides a case
differently than [the Supreme] Court has on a set of materially indistinguishable facts."
*Williams*, 529 U.S. at 413. Furthermore, in cases where the state court decision rests on a factual
determination, the federal court must find that the "decision . . . was based on an unreasonable
determination of the facts in light of the evidence presented in the State court proceeding." 28
U.S.C. § 2254(d)(2).

## 2. Ineffective Assistance of Counsel

Roache's claim of ineffective assistance of counsel is without merit because the record
does not support a finding that counsel's behavior was unreasonable or prejudicial to the
outcome of Roache's trial. The Sixth Amendment provides that a criminal defendant "shall
enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. Amend. VI. A
petitioner must demonstrate counsel's conduct "so undermined the proper functioning of the
adversarial process that the trial cannot be relied on as having produced a just result." *Strickland
v. Washington*, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of
counsel under *Strickland v. Washington*, a defendant "must (1) demonstrate that his counsel's
performance fell below an objective standard of reasonableness . . . and (2) affirmatively prove
prejudice arising from counsel's allegedly deficient representation." *Carrion v. Smith*, 549 F. 3d
583, 588 (2d Cir. 2008) (internal quotations omitted). In order to prevail on the prejudice
element under *Strickland*, "[t]he defendant must show that there is a reasonable probability that,

9

but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. at 694.

In the case of a guilty plea, a petitioner must show that, but for counsel's alleged deficient behavior, he would not have pleaded guilty and would have instead gone to trial. *See Hill v. Lockhart*, 472 U.S. 52, 58-59 (1985); *Roe v. Flores-Ortega*, 528 U.S. 470, 485 (2000). Furthermore, as a general matter, strategic choices made by counsel after an investigation of the facts and law are "virtually unchallengeable," though "strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigations." *Strickland*, 466 U.S. at 690-691.

According to Roache, counsel engaged in several acts that constituted inadequate and ineffective representation. Roache asserts that counsel: (1) did not attend scheduled client meetings; (2) sent an associate to represent him in court; (3) failed to hire an investigator; (4) failed to call witnesses during the court proceedings; and (5) yelled at and threatened him in court to accept a guilty plea. (Pet'r Reply to Respondent's Response ("Pet'r Reply"), Point 3 & 4. )

> *a. Counsel's Record of Attendance at Scheduled Client Meetings and Preliminary Hearings Did Not Constitute Ineffective Assistance.*

Generally, there is "no set rule for the number of times counsel must meet with a defendant." *Jones v. Conway*, 442 F. Supp. 2d 113, 126 (S.D.N.Y. 2006) (citing *United States ex rel. Testamark v. Vincent*, 496 F.2d 641, 642-43 (2d Cir. 1974)). In considering "whether counsel's performance fell below an objective standard of reasonableness, a court must bear in mind both that counsel ' . . . must have "wide latitude" in making tactical decisions [and that

10

there is a] strong presumption that counsels conduct falls within the wide range of reasonable professional assistance.' " *Dones v. U.S.*, No. 08 Civ. 926 (RJH), 2010 WL 184451, at *6 (S.D.N.Y. January 19, 2010) (quoting *Henry v. Poole*, 409 F.3d 48, 64 (2d. Cir 2005) (quoting *Strickland*, 466 U.S. at 688-89)). An attorney's failure to attend scheduled client meetings and preliminary hearings, instead sending an associate, does not demonstrate counsel's conduct was so egregious as to prejudice the outcome of the case. Sending an associate to represent a defendant is a tactical choice employed by counsel, and tactical decisions, including which defense strategy to use, do not constitute ineffective assistance of counsel so long as the decision was conscious and reasonably informed. *See Nieves v. Kelly*, 990 F. Supp. 255, 264 (S.D.N.Y. 1997); *Schwamborn v. United States*, No. 06 Civ. 3178, 2007 WL 1799171, at *5 (E.D.N.Y. June 20, 2007).

Here, lead counsel's failure to attend meetings, while unsatisfying to Roache, does not fall below that standard of reasonableness. Roache indicates that his attorney failed to attend a preliminary hearing on or around July 17, 1992, and that as a result the district attorney initiated an indictment proceeding.[2] (Petition for A Writ of Habeas Corpus ("Pet."), Point 1 ¶ 4.) However, in contrast to Roache's first appeal of his conviction, he now indicates that an associate attorney attended the preliminary hearing as well as subsequent hearings. (Def.-Appellant's Supp. Br. at 4.) There is no indication that the absence of lead counsel affected the district attorney's decision to proceed before a grand jury. More importantly, counsel did attend the plea and sentencing proceedings underlying the challenge here. (Plea Hr'g. 12; Sentencing

---

[2]"The District Attorney's right to present evidence to the Grand Jury is independent of defendant's right to a felony hearing and failure to afford such hearing does not vitiate an indictment." *People v. McDaniel*, 383 N.Y.S.2d 998, 1000 (N.Y. City Ct. 1976); N.Y. Crim. Proc. § 190.55(2)(c).

Hr'g at 2.) Finally, while Roache asserts that there were deficiencies in counsel's appearances, he presents no evidence that he was prejudiced.

### *b. Counsel's Failure to Hire an Investigator Did Not Constitute Ineffective Assistance*

Roache claims that counsel failed to utilize or obtain affidavits from a private investigator. (Pet. Point 8.) The failure to probe the Government's allegations in this manner does not constitute a violation of the *Strickland* standard of reasonableness. *See Hirsch v. United States*, No. 01 Civ. 9419 (DAB), 2005 WL 2125732, *7-8 (S.D.N.Y. Aug. 29, 2005). In any case, there is no indication in the record that even suggests that this omission would have changed Roache's decision to plead guilty.

### *c. Counsel's Failure to Call Witnesses Did Not Constitute Ineffective Assistance*

Roache claims he "was not 'allowed' to present any [of his fifteen alibi] witnesses before the . . . County Court, (Orange County)," presumably in connection with the grand jury and indictment proceedings, and that his counsel contributed to this omission. (Pet. Point 8.) Counsel's failure to call witnesses that a client deems valuable does not constitute ineffective assistance of counsel. *See Samuels v. Bennett*, No. 03 Civ. 2340 (BSJ)(FM), 2009 WL 2516850, *4-5 (S.D.N.Y. August 17, 2009). Moreover, there is no indication in the record that counsel's alleged error caused Roache to plead guilty.

### *d. The Allegation of Threats by Counsel in the Courtroom is Unsupported by the Record*

Perhaps the most serious charge Roache levels against counsel is that counsel threatened him to make him accept a guilty plea. (Pet. Point 7.) This allegation raises the possibility that Roache would not have accepted the guilty plea and that he was unduly prejudiced by his

12

attorney's actions. However, there is nothing in the record or transcripts to indicate such coercion occurred. Instead, the record shows that Roache admitted that he had accepted the plea voluntarily and without threats. (Plea H'rg 12.) This claim is thus unsupported by the record and cannot be used to demonstrate a breach of the *Strickland* standard.

In summary, Roache's ineffective assistance of counsel claim fails because he does not establish that any of counsel's actions fell below an objectively reasonable standard or caused him prejudice. Accordingly, I recommend that Roache's ineffective assistance of counsel claim be **DENIED.**

### 3. Unlawful Consecutive Nature of the Sentence

Roache's claim that the consecutive nature of his sentence is unlawful fails because the sentence was imposed lawfully. Generally, claims arising out of a state court's sentence are not reviewable by a federal habeas court. *Jones v. Hollins*, 884 F. Supp. 758, 761 (W.D.N.Y. 1995), *affirmed*, 89 F.3d 826 (2d Cir. 1995). Although the state court has wide discretion in deciding sentences, "habeas corpus relief is available where the petitioner is able to show that the sentence imposed falls outside of the range prescribed by state law." *Hollins*, 884 F. Supp. at 761; *White v. Keane*, 969 F.2d 1391, 1383 (2d Cir. 1992). If the sentence is within state statutory limits, a petitioner must show that the state court's decision was "wholly devoid of discretion or amounted to an arbitrary or capricious abuse of discretion, or that an error of law resulted in the improper exercise of the sentencer's discretion and thereby deprived the petitioner of his liberty." *Hollins*, 884 F. Supp. at 762 (citing *Haynes v. Butler*, 825 F.2d 921, 923-924 (5th Cir. 1987), *cert denied*, 484 U.S. 1014 (1988)).

13

Roache's sentence was lawfully imposed pursuant to a New York sentencing statute. The

sentencing court was required to impose a consecutive sentence because of his status as a

second-felony offender. N.Y. Penal Law 70.25(2)(a); (Sentencing H'rg Tr. 17.) Roache was

charged with one count of sexual abuse in the first degree and two counts of endangering the

welfare of the child. However, after entering a guilty plea, he was convicted of sexual abuse only

and was sentenced to a minimum of three years and a maximum of six years, to run

consecutively with his 1979 rape conviction. (Sentencing H'rg Tr. 16.) Therefore, there has been

no violation of the state's sentencing requirements and the sentence was not "arbitrary." Because

Roache's sentence was legally mandated, his claim should be **DENIED.**

## 4. Roache's Knowing, Voluntary, and Intelligent Plea Undermines His Claims

### a. The Plea is Enforceable

To be enforceable, a guilty plea must be knowing, voluntary, and intelligent, and the

court must consider the reasonableness of the offer, its appropriateness under the circumstances,

and its effect on the integrity of the judicial process. *Boykin v. Alabama*, 395 U.S. 238, 239;

*People v. Seaberg*, 74 N.Y.2d 1(1989). When a defendant has (1) conferred with counsel about

all of the material conditions of plea, (2) benefited as a result of the plea agreement, and (3) has

more fully admitted to the underlying conduct, the plea is knowing, voluntary and intelligent.

*Wilbright v. Smith*, 745 F.2d 779, 781 (2d Cir. 1984); *Brady v. United States*, 397 U.S. 747, 749

(1970).

The question of whether a guilty plea has been entered voluntarily involves mixed

questions of law and fact. *Meachem v. Keane*, 899 F. Supp. 1130, 1139; *Ventura v. Meachum*,

957 F.2d 1048 (2d. Cir. 1992). While the voluntariness of a plea raises a question of federal law,

14

the facts surrounding the guilty plea are entitled to a presumption of correctness. *Parke v. Raley*, 506 U.S. 20, 35 (1992). A habeas proceeding is generally bound by the record of the plea proceedings, the trial court's findings, the conclusions of the state appellate court, and the "inferences fairly deducible from these facts." *Parke*, 506 U.S. at 39. Furthermore, vague assertions that an attorney coerced a defendant into pleading guilty cannot overcome the presumption that a plea is knowing and voluntary. *See Hirsch*, 2005 WL 2125732, *17.

Based on the record, the plea in this case meets the elements for enforceability. First, Roache told the court he had conferred with counsel when asked if he understood the "facts of [the] case and the motions that [counsel has] made, [and] everything that's involved in this case up to today." (Plea Hr'g 12.) Second, Roache benefitted from the plea because he was originally indicted with one count of sexual abuse in the first degree and two counts of endangering the welfare of a child, but was convicted, pursuant to the plea agreement, for the sexual abuse charge only. Finally, Roache did admit more fully to the criminal conduct during the plea hearings, stating that he acted knowing the minor was under eleven years old and that his actions were for purposes of sexual gratification. (Plea Hr'g 16-17.)

During the plea proceedings Roache affirmed his understanding of the consequences of his guilty plea stating that he did so with a "clear head." (*Id.* at 10.) His claim that counsel strong-armed him into the guilty plea is unsupported by the record. *Parke*, 506 U.S. at 38. Indeed, Roache stated he was not coerced into accepting the plea. (*Id.* at 11.) For the reasons above, the Court finds that Roache's guilty plea is knowing, voluntary, and intelligent and thus enforceable.

15

### *b. Roache Waived His Ineffective Assistance Claim Through His Plea*

The enforceability of Roache's plea undermines his claims that the consecutive nature of his sentence is unlawful and that he received ineffective assistance of counsel. *See United States v. Yeboah*, 09 Civ. 7410, 2009 WL 3738790, at \*3 (S.D.N.Y. Nov. 9, 2009). Roache's ineffective assistance of counsel claim was forfeited by the guilty plea, in which he expressed satisfaction with his representation, and thus waived claims of ineffective assistance of counsel. (Plea Hr'g 12.) The court informed Roache of the consecutive nature of the sentence and explained, before accepting the plea, that the court was required to do so. (Sentencing Hr'g. 3.) Roache demonstrated his understanding that the prison terms would run consecutively and pled guilty.

## 5. Other State Claims

Roache claims various violations of the New York State constitution. These claims need not be considered by this Court. Violations of state law are not under review in federal habeas proceedings because relief is limited to review of federal constitutional claims. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Campbell v. Greene*, 440 F. Supp. 2d 125, 142 (2006).

## IV. CONCLUSION

For the foregoing reasons, I recommend that Roache's petition for a writ of habeas corpus be **DENIED**. Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable William H. Pauley, III, 500 Pearl Street, Room 2210, and to the chambers of the

16

undersigned, Room 1970. Failure to file timely objections shall constitute a waiver of those

objections both in the District Court and on later appeal to the United States Court of Appeals.

*See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs.*, 892

F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ.

P. 72, 6(a), 6(d).

**DATED: May 24, 2010**
**New York, New York**

Respectfully Submitted,

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

Copies of this Report and Recommendation were sent to:

For Petitioner, Pro Se
Walter J. Roache
DIN# 93-A-1783
Marcy Correctional Facility
P.O. Box 300
Marcy, NY 13403

For Respondent
Andrew Kass
Senior Assistant District Attorney
Office of the Orange County District Attorney
18 Seward Ave.
Middletown, NY 10940